# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN MANN,**

    Plaintiff,

    v.

**SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Case No. 11-CV-238

## DECISION AND ORDER ON PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS

On March 4, 2011, the plaintiff, Brian Mann, filed a pro se complaint against the Social Security Administration (SSA). In his complaint, Mann alleges that his constitutional rights were violated when the SSA made changes to his supplemental security insurance (SSI) payments. Accompanying Mann's complaint was a motion for leave to proceed in forma pauperis. From the financial affidavit provided by Mann, the Court concludes that he is unable to pay the fees and costs of starting this lawsuit. However, Mann's complaint, in its current form, fails to state a claim on which relief may be granted and thus the court shall not yet grant Brown's motion to proceed in forma pauperis. Brown will be given leave to submit an amended complaint within thirty (30) days of the date of this order to cure the deficiencies in his complaint as set forth below.

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. Nietzke v. Williams, 490 U.S. 319, 324

(1989). To authorize a litigant to proceed in forma pauperis, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In his petition and affidavit to proceed in forma pauperis, Mann states that he is currently unemployed and receives $450 per month in disability. He has monthly expenses of $1500 including rent, cable, and credit card payments. He is not married, but he is responsible for supporting one son. He does not own a home or car and does not have a savings or checking account. Based on the information provided, the Court finds that Mann has established an inability to pay the fees and costs associated with commencing this action.

The Court next turns to the question of whether Mann's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Mann alleges that the SSA violated his constitutional rights. As a consequence, he requests "backpay" and monetary damages. Attached to the complaint are account statements from the SSA with information about Mann's benefits as of December 6, 2010, as well as his benefit payment history. He argues that he deserves SSI benefits based on his mental and physical condition

and various hardships in his life. Among other things, he specifically states that he has pain and suffering, that he takes medication for various ailments, and that he is frustrated by the reduction of his social security benefits. For relief, he seeks $5.5 million in damages.

Mann's allegations may be generously construed as a civil rights claim and/or a challenge to the SSA's decision to reduce his benefits. Insofar as he wishes to allege a violation of his civil rights, he fails to state a claim upon which relief may be granted. In his complaint, Mann fails to identify anything that the SSA or any of its officials did to violate his constitutional or federally protected rights. Simply stating that the SSA has violated his civil rights and that he never received his "40 acres and a mule" as promised, is not sufficient. Even still, the Supreme Court has held that a plaintiff may not recover monetary damages against a government official for erroneous termination of Social Security benefits. Schweiker v. Chilicky, 487 U.S. 412, 429 (1988); see also Hines v. Irvington Counseling Center, 933 F.Supp. 382 (D.N.J.1996) (applying Schweiker and holding plaintiff could not sustain a suit for money damages against the Social Security Administration or its employees in their official or individual capacities). Thus, to the extent that Mann allegations can be construed as a civil rights claim, his claim must be dismissed.

However, it appears more likely that Mann seeks to challenge changes in his SSI benefit amount due to overpayment. Mann is a frequent filer in this district, having filed seventeen separate actions since 1997, and many of those actions relate to his efforts to obtain social security disability benefits. It seems that this lawsuit, along with Mann's parallel attempts to

re-open his closed social security cases, results from Mann's ongoing frustration that he is not getting all the benefits that he believes he deserves from the SSA.[1]

Yet, federal courts may review social security determinations only after the plaintiff has exhausted the administrative review process and the agency has reached a final decision. 42 U.S.C. §§ 405(g) & 405(h). In the present case, Mann's description and attached account statement do not provide the necessary information as to the nature (and importantly the timing) of his proceedings with the SSA--information that is critical in determining whether or not Mann has properly exhausted his administrative remedies and, in fact, whether or not he is in a position to pursue this lawsuit. The complaint fails to allege that the review process has been completed, and it fails to allege that the agency has reached a final decision.[2] Moreover, even if Mann received a final decision, there is no indication as to when that decision was issued, and whether he filed his complaint in this Court within sixty-days of that decision.

As it stands, Mann's complaint fails to state a claim and thus, his motion to proceed in forma pauperis cannot be granted at this time. However, I will give him leave to amend his complaint in accordance with this decision. Mann shall have thirty (30) days from the date of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." He is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the

---

[1] On the same date that this lawsuit was filed, Mann also filed notice of appeals as to the orders on his motions to re-open several of these cases. See Case Nos. 97-CV-211, 99-CV-1461, 01-CV-1184, 04-CV-162, 06-CV-327.

[2] Naming the SSA as the defendant, however, is not in itself fatal to Mann's complaint for the court is obligated to construe pro se complaints liberally and could simply substitute the Commissioner of the SSA instead.

amended complaint are, in effect, withdrawn. Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998). Should Mann fail to file an amended complaint within thirty (30) days, the Court will dismiss this action with prejudice.

## **ORDER**

**IT IS HEREBY ORDERED** that within thirty (30) days of this order, Mann shall submit an amended complaint wherein he provides additional information in accordance with the instructions set forth above. The court shall then review his complaint in accordance with 28 U.S.C. § 1915(e)(2) so as to resolve his motion to proceed in forma pauperis. If Mann fails to timely submit his amended complaint or his amended complaint fails to cure the deficiencies of his complaint outlined above, this action shall be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 25th day of April, 2011.

BY THE COURT

*s/Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge
